UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/12/2024
```

JOVAN CAMPBELL, on behalf of herself and all others similarly situated,

                Plaintiff,

-against-

Gallery Model Homes, Inc.,

                Defendant.

22 Civ. 9947 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

Plaintiff, Jovan Campbell, brings this action against Defendant, Gallery Model Homes, Inc. ("Gallery"), alleging that Gallery violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and related state laws, by failing to make its website fully accessible to blind and visually impaired people. *See generally* First Am. Compl. ("FAC"), ECF No. 20.

Gallery moves to dismiss the complaint for lack of personal jurisdiction and forum non conveniens, or, in the alternative, to transfer venue. Def. Mem., ECF No. 19. For the reasons stated below, the motion is DENIED.

## BACKGROUND[1]

Campbell, a Bronx County resident, is a "visually-impaired and legally blind person." FAC ¶¶ 2, 15. Like other blind computer users, she relies on screen-reading software such as NonVisual Desktop Access ("NVDA") to access and navigate websites. *Id.* ¶¶ 21–22. In order "[f]or screen-reading software to function, the information on a website must be capable of being rendered into text." *Id.* ¶ 21. On November 1 and 2, 2022, and March 13, 2023, Campbell, using NVDA, attempted to purchase a queen-size bed on Gallery's website, Galleryfurniture.com

---

[1] The following facts are drawn from the complaint and must be accepted as true for the purposes of a motion to dismiss under Rule 12(b)(2). *See, e.g., Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 510 (S.D.N.Y. 2016).

(the "Website"), but was unable to do so due to multiple "access barriers" that make the Website "not independently usable by[] blind and visually-impaired persons." *Id.* ¶¶ 32, 36.  For example, she alleges that the Website contains images without alternative text, a disorienting pop-up window, and inadequate instructions for interactive elements.  *Id.* ¶ 32.  She also alleges that the Website requires a mouse to complete a transaction—despite it being "a fundamental tenet of web accessibility that for a web page to be accessible to . . . blind people, it must be possible for the user to interact with the page using only the keyboard."  *Id.* ¶¶ 32–33.

Campbell claims that these access barriers effectively denied her the opportunity to use and enjoy the Website as sighted people would.  *Id.* ¶ 35.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, she seeks to certify a nationwide class and a New York state subclass of all other legally blind individuals who have attempted to access the Website.  *Id.* at 29–30.

Gallery is a Texas corporation with its principal place of business in Houston, Texas.  *Id.* ¶ 17.  It operates three brick-and-mortar retail stores in Texas, Hunt Aff. at 1, ECF No. 19-1, as well as the Website, which "offers to ship its goods to potential consumers . . .  [i]n every state of the continental United States," FAC ¶ 14.  Jeremy Hunt, Gallery's operations manager, states that Gallery "does not specifically target any state other than Texas," "has never made business decisions with the intent to target New York consumers," "does not own any property in New York," and "does not maintain any office or agents in New York."  Hunt Aff. at 1–2.

Campbell brought this action on November 22, 2022, ECF No. 1, and filed her amended complaint on March 27, 2023.  Gallery moves to dismiss the FAC for lack of personal jurisdiction and forum non conveniens.[2]

---

[2] By letter dated April 10, 2023, Gallery informed the Court that it intended to rely on its previously filed motion to dismiss Campbell's original complaint in response to Campbell's FAC.  ECF No. 22.

**DISCUSSION**

I. <u>Personal Jurisdiction</u>

    A.  Legal Standard

"A plaintiff opposing a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction has the burden of establishing that the court has jurisdiction over the defendant." *Sanchez v. NutCo, Inc.,* No. 20 Civ. 10107, 2022 WL 846896, at *3 (S.D.N.Y. Mar. 22, 2022) (quoting *BHC Interim Funding, LP v. Bracewell & Patterson, LLP*, No. 02 Civ. 4695, 2003 WL 21467544, at *1 (S.D.N.Y. June 25, 2003)). The plaintiff must "make a prima facie showing that jurisdiction exists." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010)) (internal quotation marks omitted). This requires "making 'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'" *Penguin Grp.*, 609 F.3d at 35 (quoting *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003)). In considering whether this burden has been met, the Court shall "not draw 'argumentative inferences' in the plaintiff's favor," nor is it "required 'to accept as true a legal conclusion couched as a factual allegation.'" *Licci*, 673 F.3d at 59 (quoting *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) and *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)). On such a motion, the Court may consider "matters outside the pleadings." *Diaz v. Kroger Co.,* No. 18 Civ. 7953, 2019 WL 2357531, at *5 (S.D.N.Y. June 4, 2019).

    B.  Analysis

Gallery moves to dismiss the FAC for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). "Personal jurisdiction is determined in accordance with the

law of the forum in which the federal court sits." *Sanchez*, 2022 WL 846896, at *4 (citing *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir. 2001)). Here, where there is no general personal jurisdiction over Gallery, as it is a Texas corporation with its principal place of business also in Texas, FAC ¶ 17, the Court's personal jurisdiction analysis consists of a two-part inquiry: (1) whether there is jurisdiction under New York's Civil Practice Law and Rules ("CPLR") § 302(a)(1), and (2) whether jurisdiction would "comport[] with [d]ue [p]rocess." *Diaz*, 2019 WL 2357531, at *6.

CPLR § 302(a)(1), New York's long-arm statute, provides that a court in New York may exercise personal jurisdiction over a non-domiciliary if (1) the non-domiciliary "'transacts any business within the state'; and (2) the 'cause of action aris[es] from' that business transaction." *Romero v. 88 Acres Foods, Inc.,* 580 F. Supp. 3d 9, 15 (S.D.N.Y. 2022) (quoting CPLR § 302(a)(1)); *see also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007).

1. Transacting Business Within New York State

"Whether a website can be defined as a defendant's transaction of business in New York depends on the website's 'degree of interactivity.'" *Sanchez*, 2022 WL 846896, at *4 (citation omitted). If a website allows for "the purchase and exchange of goods," it is considered interactive, and thus may confer personal jurisdiction. *Quezada v. U.S. Wings, Inc.,* No. 20 Civ. 10707, 2021 WL 5827437, at *6–7 (S.D.N.Y. Dec. 7, 2021); *see also Romero*, 580 F. Supp. 3d at 15 ("Fully interactive websites, over which a seller knowingly transmits goods or services to users, are sufficient to confer personal jurisdiction."). Under this standard, the Website is fully interactive, as it allows for "the purchase and exchange of goods." *Quezada*, 2021 WL 5827437, at *6–7.

In order to exercise personal jurisdiction, Gallery must have "used the Website to 'purposely avail' itself of the forum state." *Romero*, 580 F. Supp. 3d at 15 (citing *Savage Universal Corp. v. Grazier Constr., Inc.,* No. 04 Civ. 1089, 2004 WL 1824102, at *8–9 (S.D.N.Y. Aug. 13, 2004)). "[A] reasonable probability that the Website has been actually used to effect commercial transactions with customers in New York" satisfies this requirement. *Diaz*, 2019 WL 2357531, at *7 (cleaned up). Here, Hunt attests that Gallery provides shipping "to anyone in the United States" and does not contest Campbell's allegation that the company conducts business with New York state residents. Hunt Aff. at 1. Accordingly, there is at least "a reasonable probability" that the Website "has been actually used to effect commercial transactions with customers in New York," satisfying the first requirement of New York's long-arm statute. *Diaz*, 2019 WL 2357531, at *7 (cleaned up).[3]

    2. Cause of Action Arising from New York Business Transaction

CPLR § 302(a)(1) further requires that the "cause of action aris[e] from" the transaction occurring in New York. "[T]here must be an articulable nexus or substantial relationship between the business transaction and the claim asserted." *Mercer v. Rampart Hotel Ventures, LLC*, No. 19 Civ. 3551, 2020 WL 236843, at *5 (S.D.N.Y. Jan. 16, 2020) (cleaned up).

Here, Campbell's claim arises from her *inability* to transact with Gallery as a result of the alleged discrimination. FAC ¶ 36. This, however, is not a bar to exercising personal jurisdiction as Campbell is "harmed by [Gallery's] transactions with [other] New York customers." *Guglielmo v. JEGS Auto., Inc.*, No. 20 Civ. 5376, 2021 WL 1026168, at *5 (S.D.N.Y. Mar. 17,

---

[3] Gallery maintains that because neither the Website nor its business "purposefully direct its activities" towards New York consumers, there can be no personal jurisdiction. Def. Mem. at 7. Not so. That fact is insufficient to "immunize [Gallery] from [New York's] jurisdiction when [its] products are readily available for sale to New York customers." *Quezada*, 2021 WL 5827437, at *7.

2021). Specifically, "by selling products on [the] Website to New York customers, but only to those customers who are not legally blind and can navigate the Website," Gallery's "business transaction[s]" have a "substantial relationship" to Campbell's claim. *Id.* (finding an articulable nexus where "at the time of the filing of this action, Defendant was selling products through its [w]ebsite to New York customers and at the same time displaying the [w]ebsite to Plaintiff but denying him the access other New York customers had to purchase products"); *accord Quezada*, 2021 WL 5827437, at *7 ("[T]his cause of action arises from such a business transaction since Quezada alleges he attempted to access [the] website to make a purchase"). The "articulable nexus" requirement of New York's long-arm statute is thus also satisfied.

3. Due Process

Last, the Court must ensure that exercising personal jurisdiction over Gallery, a non-domiciliary defendant, would not offend due process. This requires that the defendant "have 'sufficient minimum contacts with the forum' to justify a court's exercise of personal jurisdiction, such that the 'assertion of personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice.'" *Sanchez*, 2022 WL 846896, at *5 (quoting *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 332 (2d Cir. 2016)). Although the provisions of § 302(a)(1) are not identical to the requirements of constitutional due process, "the Second Circuit has noted that it would be a 'rare' case where personal jurisdiction is proper pursuant to New York's long-arm but not pursuant to a due process analysis." *Romero*, 580 F. Supp. 3d at 16 (citing *Eades v. Kennedy, PC Law Offs.*, 799 F.3d 161, 168 (2d Cir. 2015)). As other courts in this District adjudicating similar matters have held, the constitutional floor has been met, and the exercise of personal jurisdiction over Gallery is reasonable. *E.g.*, *Sanchez*, 2022 WL 846896, at *5; *Chanel, Inc. v. Shiver & Duke LLC*, No. 21 Civ. 1277, 2022 WL

3868113, at *3 (S.D.N.Y. Aug. 30, 2022) ("Courts in this Circuit routinely have held that selling items to New York-based customers through a website constitutes purposeful availment.").

Gallery's motion to dismiss on the ground that the Court lacks personal jurisdiction is, therefore, DENIED.

II.     Forum Non Conveniens

A. Legal Standard

Gallery next moves to dismiss the complaint based on forum non conveniens. Def. Mem. at 10. The doctrine of forum non conveniens, codified at 28 U.S.C. § 1404(a), provides for "transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Chanel*, 2022 WL 3868113, at *4 (quoting *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430 (2007)). The Court, therefore, treats the motion as one to transfer, rather than to dismiss.

Under § 1404(a), a district court may transfer a suit to another district (1) "where jurisdiction over the defendant could have been obtained at the time suit was brought," and (2) if "the transfer is in the interest of justice and convenience of the parties and witnesses." *Heritage Lace, Inc. v. Underwraps Costume Corp.,* No. 18 Civ. 9796, 2019 WL 3858585, at *5 (S.D.N.Y. Aug. 16, 2019) (citation omitted). "The burden of proof rests with the movant to show, by clear and convincing evidence, that the balance of convenience strongly favors the alternate forum." *Chanel*, 2022 WL 3868113, at *4 (citation omitted).

As to the first requirement, this suit could have been brought in the Southern District of Texas, where Gallery is domiciled. Hunt Aff. at 1. As to the second requirement, courts in this Circuit weigh nine nonexclusive and discretionary factors to determine whether the balance tips in favor of transfer:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Chanel*, 2022 WL 3868113, at *4 (citing *DH Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006)). In addition to these factors, the Court must also consider that a "plaintiff's choice of forum is generally entitled to great deference when the plaintiff has sued in the plaintiff's home forum." *Google LLC v. Starovikov*, No. 21 Civ. 10260, 2022 WL 1239656, at *6 (S.D.N.Y. Apr. 27, 2022) (citation omitted). That choice "should not be disturbed unless the balance of the factors tips decidedly in favor of a transfer." *Heritage Lace*, 2019 WL 3858585, at *6 (citation omitted).

    B.  Analysis

Here, Gallery, its operations, employees, and owner are all located in Texas. Transferring the action to Texas, however, would solely shift the burden of travel, if there is any, to Campbell. *Paguada v. Washington Music Sales Ctr., Inc.*, No. 21 Civ. 3014, 2022 WL 268860, at *1 (S.D.N.Y. Jan. 28, 2022) ("Transferring this action would merely shift the inconvenience from one party to another, and force a . . . blind [p]laintiff to litigate miles away from [her] chosen forum." (citation omitted)). Because Gallery has not met its evidentiary burden, transfer is not warranted.

Accordingly, Gallery's motion to dismiss based on forum non conveniens is DENIED.

III.   Venue

    A.  Legal Standard

In the alternative, Gallery moves to transfer venue to the Southern District of Texas. Def. Mem. at 12. Venue is proper (1) in "a judicial district in which any defendant resides, if all

8

defendants are residents of the State in which the district is located"; (2) in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Because Gallery is not a resident of New York, § 1391(b)(2) is most relevant here. *Id.* "[W]hen a plaintiff relies on § 1391(b)(2) to defeat a venue challenge, a two-part inquiry is appropriate." *Daniel v. Am. Bd. of Emergency Med.,* 428 F.3d 408, 432 (2d Cir. 2005). "First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims." *Id.* And "[s]econd, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed." *Id.* Multiple judicial districts may be appropriate venues under this provision as long as a substantial part of the underlying events took place in each. *See Lehrer v. J&M Monitoring, Inc.,* No. 20 Civ. 6956, 2022 WL 2392441, at *7 (S.D.N.Y. July 1, 2022).

B.  Analysis

Venue is proper in the Southern District of New York under § 1391(b)(2). Campbell, who resides in this District, alleges that she "attempted to utilize, on a number of occasions, the subject [w]ebsite within this [j]udicial [d]istrict." FAC ¶ 13. Therefore, a substantial part of the events that are the subject of this action occurred in this District. *See Young v. Metro. Learning Inst., Inc.,* No. 22 Civ. 1722, 2023 WL 1928001, at *2 n. 2 (S.D.N.Y. Feb. 10, 2023) (finding venue proper in the District where "Plaintiff alleges that he accessed Defendant's website from

9

his computer while located within the Southern District"). Accordingly, Gallery's motion to transfer venue is DENIED.

## CONCLUSION

For the reasons stated above, Gallery's motion to dismiss or transfer venue is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 19.

SO ORDERED.

Dated: March 12, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge